**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **GEORGE MORNING,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **vs.** | ) | **Case number 4:07cv1200 TCM** |
| | ) | |
| **MICHAEL BOWERSOX and** | ) | |
| **CHRIS KOSTER,** | ) | |
| | ) | |
| **Respondents.**[1] | ) | |

## MEMORANDUM AND ORDER

The 28 U.S.C. § 2254 petition of George Morning ("Petitioner"), a Missouri prisoner

serving concurrent and consecutive terms of imprisonment totaling life without probation or

parole plus thirty years, for federal habeas corpus relief is before the undersigned United

---

[1]  At the time this action was filed, Petitioner was incarcerated at Missouri's Eastern Reception, Diagnostic and Correctional Center where Pat Smith, who was named as a Respondent, was the Warden.  Petitioner has advised the Court that he is now at the South Central Correctional Center, where Michael Bowersox is the Warden.  See Missouri Dep't of Corrections, http://doc.mo.gov/division/dai/warden.php (last visited on Sept. 20, 2010).  Because Bowersox now has custody of Petitioner, the Court will substitute Bowersox for Smith as a Respondent in this case. See Rule 2(a), Rules Governing Section 2254 Cases in the United States District Courts.

Also, at the time he filed this action, Petitioner was serving the first of the two consecutive sentences imposed on him by the challenged judgment.  Because at the time he filed this action, Petitioner was challenging a sentence he may serve in the future, the Attorney General of Missouri, Chris Koster, will be added as a proper party respondent.  See Rule 2(b), Rules Governing Section 2254 in the United States District Courts.

Alternatively, Petitioner identified the Attorney General for the State of Missouri in his federal habeas petition.  (Pet. at 1 [Doc. 1-4].)  Therefore, to the extent the Missouri Attorney General should have been named from the outset of these proceedings, the Court names the present Attorney General for the State of Missouri, Chris Koster, as a proper party respondent.

States Magistrate Judge for review and final disposition.[2]  Respondents filed a Response to the Order to Show Cause Why a Writ of Habeas Corpus Should Not Issue (Response). Petitioner filed a reply.[3]  Finding the petition may be untimely and the claims in the federal habeas petition are procedurally barred and lack merit, the petition will be denied.

## **Background**

Petitioner was charged with acting with another, Henry Woods, in committing first degree murder in violation of Missouri Revised Statutes § 565.020 (Count I) and armed criminal action in violation of Missouri Revised Statutes § 571.015 (Count II) in the shooting death of William Robinson on May 28, 2003, in the City of St. Louis, Missouri; as well as

---

[2]  This matter is before the undersigned United States Magistrate Judge on consent of the parties.  28 U.S.C. § 636(c).

Petitioner provided as attachments to his petition copies of:  certain excerpts from his post-conviction motion (Pet. [Doc. 1 at 16-18]); a May 16, 2006, notice from the Missouri Court of Appeals of "Opinions Handed Down" which reports that "Corrections" were issued in four cases, including Petitioner's direct appeal (id. at 18); pages 533-40 of the trial transcript reporting what occurred  when the trial court considered the jury's verdict forms and accepted the jury's verdict (id. at 18); six jury verdict forms that are unsigned but contain a handwritten number on the signature line (id. at 19-20); pages 549-52 of the trial transcript reporting the sentence the trial court imposed on Petitioner (id. at 20); the trial court's sentence and judgment (id. at 20-21); and the Missouri Court of Appeals' per curiam order affirming Petitioner's judgment of conviction and sentence, **State v. Morning**, 185 S.W.3d 778 (8th Cir. 2006) (per curiam) (id. at 21).

[3]  Petitioner attached to his reply copies of: the May 16, 2006, notice from the Missouri Court of Appeals of "Opinions Handed Down" which reports that "Corrections" were issued in four cases, including Petitioner's direct appeal (Reply [Doc. 13 at 10-11]); Petitioner's post-conviction motion under Missouri Supreme Court Rule 29.15 (id. at 12-27); Petitioner's motion under Missouri Supreme Court Rule 75.01 (id. at 29-35); Petitioner's March 2007 application to appeal out of time and affidavit in support (id. at 39-45); the six jury verdict forms that are unsigned but contain a handwritten number on the signature line (id. at 47-52); and  pages 533-40 and 549-52 of the trial transcript reporting what occurred when the trial court considered the jury's verdict forms and accepted the jury's verdict and then reporting the sentence the trial court imposed on Petitioner (id. at 54-56).

assault in the first degree in violation of Missouri Revised Statutes § 565.050 (Count III) and armed criminal action in violation of Missouri Revised Statutes § 571.015 (Count IV) for attempting to kill or cause serious physical injury to Keith Wilson by shooting him on May 28, 2003, in the City of St. Louis, Missouri, which shooting resulted in serious physical injury. (Resp't Ex. B at 11-12.)

The jury returned a verdict at the conclusion of trial on the charged offenses. (Resp't Ex. A at 535-37.) The trial judge[4] reviewed the jury's verdict forms and then called counsel for both parties to the bench for a sidebar conference at which the following occurred:

> [TRIAL JUDGE]: This is how we do this in my division. Now, the foreman has put his number on the signature line on all of the verdict forms, but his signature appears only on the guilty forms. I convey that as the verdict and will be having the clerk read those as the verdicts of the jury, okay?
>
> [PETITIONER'S COUNSEL]: Okay.

(Id. at 536.) The proceedings returned to open court where the deputy clerk read the verdict forms[5] and the jury was polled. (Id. at 536-37.) The presiding trial judge then accepted the verdicts, stated "Mr. Morning, you have heard the verdicts of the jury finding you guilty in Counts I thr[ough] IV," deferred sentencing so that a pre-sentence investigation could be conducted, and remanded Petitioner to custody pending sentencing. (Id. at 537.)

The trial court's docket sheet reports that the jury found Petitioner guilty of first

---

[4] The circuit court judge who had presided over trial was called away on an emergency and another circuit court judge considered the jury's verdict forms and accepted the jury's verdict. (Resp't Ex. A at 535-36.)

[5] The trial transcript does not include a recitation of the guilty verdicts read by the deputy clerk.

degree murder on Count I, armed criminal action on Count II, first degree assault on Count III, and armed criminal action on Count IV. (Resp't Ex. B at 5.) The only verdict forms available in the record, however, are six verdict forms that contain a number but not a signature at the line for the foreperson's signature, and are for a not guilty verdict and a verdict of guilty of second degree murder on Count I (Resp't Ex. B 236, 237); a not guilty verdict and a verdict of guilty of armed criminal action as submitted in Instruction No. 8[6] on Count II (id. at 238, 239); a not guilty verdict on Count III (id. at 240); and a not guilty verdict on Count IV (id. at 241).[7]

The trial court subsequently denied Petitioner's motion for judgment of acquittal notwithstanding the verdict or, in the alternative, for new trial. (Id. at 242.) This motion did not present a challenge to the verdict accepted by the trial court. (Id. at 242-44.)

The trial court[8] sentenced Petitioner to life imprisonment without parole on Count I, a concurrent term of imprisonment of thirty years on Count II, a term of imprisonment of thirty years on Count III consecutive to the sentence on Counts I and II, and a term of imprisonment of thirty years on Count IV that runs concurrent to the other sentences, for an aggregate sentence of "life without parole plus a consecutive thirty years for the assault first."

---

[6] Instruction No. 8 instructed the jury to consider, as to Count II, armed criminal action in connection with the offense of murder in the second degree if it did not find Petitioner guilty of armed criminal action in connection with the offense of murder in the first degree

[7] In their response, Respondents noted they have "been unable to obtain the correct verdict forms." (Response at 7 n.2 [Doc. 7].)

[8] The judge presiding over the sentencing proceeding was the same judge who had presided over trial, except when the jury's verdict forms were considered and the jury's verdict was accepted.

(Resp't Ex. A at 551.)  These sentences for first degree murder (Count I); armed criminal action (Count II), which was charged in connection with the first degree murder charge; first degree assault (Count III); and armed criminal action (Count IV), which was charged in connection with the first degree assault, are also reflected on the trial court's sentence and judgment.  (Resp't Ex. B at 245-46.)

In his direct appeal, Petitioner raised one point, that the trial court erred and abused its discretion in prohibiting Petitioner from cross-examining Wilson about an affidavit Wilson had signed that, Petitioner urged, constituted a prior inconsistent statement.  (Resp't Ex. D at 8, 9.)

On March 7, 2006, the Missouri Court of Appeals issued a per curiam order affirming the judgment of conviction and sentence.  (Resp't Ex. F.)  In an unpublished memorandum supporting its order, the appellate court stated, in relevant part:

> On May 28, 2003, [Petitioner] and Henry Woods ("Woods") approached two men, Keith Wilson ("Wilson") and William Robinson ("Robinson"), and began shooting at them.  Robinson was killed.  Woods shot Wilson in the left side of his face and Wilson ran away while [Petitioner] and Woods chased him, still firing their weapons.  Wilson was the only identification witness at [Petitioner]'s trial.
>
> At a pre-trial hearing, the trial judge questioned Wilson about a document that he signed after the shooting.  Wilson testified that Woods approached him on the street and told him that he had "some papers" that he wanted Wilson to sign.  Wilson testified that he signed "the paper," but he did not read it, and did not know what he was signing.  This "paper" was titled "affidavit" and stated that Wilson incorrectly identified Woods to the police, and that the assailant was not and could not have been Woods.

(Id. at 2.)  The appellate court concluded there was no abuse of discretion in the trial court's

determination that the affidavit was not Wilson's statement and therefore was inadmissible as a prior inconsistent statement. (Id. at 5.)

The appellate court issued its direct-appeal mandate on March 29, 2006. (Resp't Ex. G.) Petitioner did not seek transfer to the Missouri Supreme Court or file a petition for writ of certiorari in the United States Supreme Court. See **State v. Morning**, No. ED85603 (Mo. Ct. App.), at Missouri Case.net https://www.courts.mo.gov/casenet/cases/searchDockets.do (last visited Sept. 14, 2010); Pet. at 3 (Doc. 1).

On May 16, 2006, the state appellate court reportedly handed down a "correction" in Petitioner's appeal. (Resp't Ex. H at 37.) While the Missouri Court of Appeals' notice that a correction was issued on May 16, 2006, is available of record, there is no corrected opinion or opinion correction from the state appellate court available of record or listed on the docket sheet for the direct appeal.[9] See **State v. Morning**, No. ED85603 (Mo. Ct. App.), at Missouri Case.net https://www.courts.mo.gov/casenet/cases/searchDockets.do (last visited Sept. 14, 2010).

On August 11, 2006, Petitioner filed a pro se motion for post-conviction relief under

---

[9] This Court has read the published version of the per curiam order issued in Petitioner's appeal along side the version of that order that is available of record as Respondents' Ex. F. In doing so, the Court found one difference in the two versions: the published order has the following paragraph as the third paragraph of the order, a paragraph that is not part of the version of the order that is Respondents' Ex. F: "The parties have been furnished with a memorandum for their information only, setting forth the reasons for this order affirming the judgment pursuant to Rule 30. 25(b)." See State v. Morning, 185 S.W.3d 778 (Mo. App. E. D. 2006). The Court is unable to compare the unpublished memorandum attached to Respondents' Ex. F against any other version of that memorandum as no other version of that memorandum is available to this Court.

Missouri Supreme Court Rule 29.15, including a request for an evidentiary hearing. (Resp't Ex. H at 23-36.). Petitioner presented two grounds for relief in his motion. First, Petitioner alleged that he was denied the effective assistance of trial counsel because his trial attorney did not object to his sentences as being imposed on charges for which he was found not guilty. (Id.) Petitioner urged that, instead of the sentences he received and based on the verdict forms available of record, he "should have been sentenced [only for] murder in the second degree and on one count of armed criminal action." (Id. at 33.) Second, Petitioner contended he was denied the effective assistance of appellate counsel when that attorney failed to present on appeal an argument that the trial court exceeded its jurisdiction in sentencing Petitioner to life without parole on a second degree murder conviction and sentencing Petitioner on Counts III and IV on which the jury had found him not guilty. (Id. at 34.) Additionally, Petitioner noted his understanding that his post-conviction motion was due by August 14, 2006, because the state appellate court had issued a correction regarding his direct appeal on May 16, 2006. (Id. at 26.)

On September 1, 2006, the motion court,[10] without conducting a hearing, dismissed Petitioner's post-conviction motion as untimely, stating:

> [Petitioner] was found guilty . . . of murder first degree, assault first degree and two counts of armed criminal action. These convictions were affirmed on appeal. State v. Morning, 185 S.W.3d 778 (Mo. App. E.D. 2006). The mandate was issued on March 29, 2006. [Petitioner]'s motion in the

---

[10] The judge presiding over the post-conviction motion proceeding was the same judge who presided over the trial proceedings, except for the consideration of the jury's verdict forms and the acceptance of the jury's verdict.

present cause was filed on August 11, 2006.

> Rule 29.15(b) provides that the [post-conviction] motion must be filed within ninety days after the issuance of the mandate where an appeal is taken. This time constraint is valid and mandatory. See State v. Parker, 886 S.W.2d 908, 929 (Mo. banc 1994); Smith v. State, 798 S.W.2d 152 (Mo. banc 1990) . . . ; Day v. State, 770 S.W.2d 692, 695 (Mo. banc 1989) . . . . The files in this case clearly show that the motion in this cause was filed out of time. The motion must therefore be dismissed. State v. Peek, 806 S.W.2d 504, 506 (Mo. App. 1991); Staggs v. State, 785 S.W.2d 567 (Mo. App. 1990); Ritterbach v. State, 772 S.W.2d 4 (Mo. App. 1989).

(Resp't Ex. H at 19-20.)

On September 20, 2006, Petitioner filed in the post-conviction proceeding a motion to vacate order and judgment under Missouri Supreme Court Rule 75.01 asking the motion court to vacate its September 1, 2006, dismissal order because the post-conviction motion was timely filed within ninety days of May 16, 2006, the date on which the state appellate court issued its correction. (Id. at 4-18.) In relevant part, Petitioner urged that the appellate court should have issued another mandate after the correction was issued because "in essence the court of appeals recalled [its] earl[ier] mandate when it issued a corrective opinion. Based on this corrective opinion, [Petitioner]'s time for filing his post-conviction motion [goes until] August 14, 2006, [and Petitioner] filed his motion on August 11, 2006, two days before the deadline." (Id. at 8-9.)

On October 20, 2006, the motion court denied Petitioner's motion under Rule 75.01 stating, in relevant part,

> [Petitioner] filed his motion pursuant to Rule 29.15 on August 11, 2006, more than the ninety days after the issuance of the mandate provided for in Rule 29.15(b). This Court dismissed the motion as untimely.

[Petitioner] now contends a "correction" was made by the Court of Appeals on May 16, 2006, and that his pro se motion was timely filed within ninety days after the "correction." [Petitioner] filed a photocopy of a document which lists four corrections that were purportedly made by the Court of Appeals on May 16, 2006. [Petitioner] has presented no competent evidence that the original mandate was withdrawn, that a new mandate was issued[,] and that his pro se [post-conviction] motion was filed within ninety days of the issuance of a new mandate.

Id. at 2-3.[11]

In his federal habeas petition, Petitioner reports that he filed an "appeal to the highest state court having jurisdiction over the action taken on [his] petition[s], application[s], or motion[s]" that were filed after the direct appeal. (Pet. at 5 [Doc. 1 at 4].) This Court is only able to locate one such possible "appeal" - an application to the Missouri Court of Appeals for leave to appeal out of time that Petitioner mentions later in his Petition. (Id. at 7 [Doc. 1 at 6]; see also Petitioner's March 2007 application to appeal out of time and affidavit in support (Reply [Doc. 13 at 39-45].) A search of Missouri's Case.net reveals that Petitioner

---

[11] In his petition for federal habeas relief, Petitioner mentions a "third petition, application, or motion" that he filed in the post-conviction proceeding, Cause No. 0622-CC05563, on November 10, 2006, and characterizes that filing as a "Rule 75.01 proceeding" that was denied. (Pet. at 5 [Doc. 1 at 4].) This Court is unable to locate such a "petition, application, or motion" in the available record, and notes the docket sheet for the post-conviction proceeding does not mention anything filed on November 10, 2006. The dates of the filings in the post-conviction proceeding that are reflected on the docket sheet go from August 11, 2006, to October 20, 2006, and then from February 13, 2007 to October 22, 2007, which is the date of the last docket sheet entry in that case. Resp't Ex. H at 1. To the extent Petitioner refers this Court to an attached document to see what grounds were raised in that third "petition, application, or motion," no such petition, application, or motion is attached to the federal habeas petition. See n. 2 supra, for a listing of the attachments to Petitioner's federal habeas petition. Due to this Court's inability to access any "third petition, application, or motion" filed by Petitioner, the Court will address the issues in this federal habeas proceeding as though only a post-conviction motion and one Rule 75.01 motion were filed by Petitioner after his direct appeal.

filed in the Missouri Court of Appeals on March 13, 2007, a pro se motion for leave to file a late notice of appeal regarding his post-conviction proceeding, Cause No. 0622-CC05563, which was denied by the state appellate court on March 19, 2007. See **Morning v. State**, No. ED89423 (Mo. Ct. App.), at Missouri Case.net https://www.courts.mo.gov/casenet/cases/searchDockets.do (last visited Sept. 13, 2010). Therefore, this Court construes the record as showing that Petitioner did not file a timely appeal either from the motion court's dismissal of his Rule 29.15 motion or from the motion court's denial of his Rule 75.01 motion; and that Petitioner was not granted leave to appeal out of time from either one of those motion court rulings.

On June 28, 2007, Petitioner filed his federal habeas petition in this Court, setting forth as grounds for relief, the ineffective assistance of trial counsel claim and the ineffective assistance of counsel on direct appeal claim that he had set forth in his post-conviction motion.[12]  (Pet. at 6 and attachments [Doc. 1 at 5 and 16-21].)

Respondents counter that Petitioner's federal habeas petition is untimely and that the grounds for relief in the petition are procedurally barred and lack merit.

### Discussion

---

[12]  In his federal habeas petition, Petitioner reports that he only has one ground for relief. (Pet. at 7-13 [Doc. 1 at 6-12].)  The attachments to the petition, however, reflect both of the ineffective assistance of counsel claims Petitioner pursued in his post-conviction motion.  (See Pet. attachment at 1and 3 [Doc. 1 at 16 and 18].)  Respondents also recognize that Petitioner presents both an ineffective assistance of trial counsel and an ineffective assistance of appellate counsel claim in his federal habeas petition.  (See, e.g., Response at 6 [Doc. 7 at 6].)  Therefore, this Court will consider each ineffective assistance of counsel claim as a separate ground for federal habeas relief.

Timeliness.    Respondents argue Petitioner's federal habeas petition is untimely because it was filed more than one year after his direct appeal became final, and Petitioner is not entitled to either statutory or equitable tolling of that one-year period.

"The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) establishes a 1-year time limitation for a state prisoner to file a federal habeas corpus petition.  That year runs from the latest of four specified dates.  28 U.S.C. § 2244(d)(1)."  **Jimenez v. Quarterman**, 129 S.Ct. 681, 683 (2009).  The first specified date is "'the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review.'"  **Id.** (quoting 28 U.S.C. § 2244(d)(1)(A)).  This first possible date is the date relevant to this federal habeas proceeding.

When, as in this case, the petitioner does not seek transfer to the Missouri Supreme Court, the direct review concludes, and the judgment becomes final, when the appellate court issues the direct-appeal mandate.[13]  **Riddle v. Kemna**, 523 F.3d 850, 855, 856 (8th Cir. 2008) (en banc).  In such circumstances, the federal habeas court does not include in the

---

[13]  In their Response, Respondents suggest that the direct review ended on March 22, 2006, approximately fifteen days after the appellate court's March 6, 2006, per curiam order affirming the trial court's judgment, because Petitioner did not seek a transfer, citing Missouri Supreme Court Rules 83.02 and 84.17(b). (Response at 2 [Doc. 7].)  The appellate court's mandate, however, was not filed until after that fifteen day period, or on March 29, 2006.  In such circumstances, the date the mandate is issued is the relevant date for purposes of determining when direct review has concluded.  **Riddle v. Kemna**, 523 F.3d 850, 856 (8th Cir. 2008) (en banc).  Due to the **Riddle** opinion, which was issued after Respondents filed their response in this case, the Court will not use the March 22, 2006, date Respondents used to calculate whether or not Petitioner's federal habeas petition was timely.  Instead, the Court will calculate the timeliness of Petitioner's petition based on the later date of March 29, 2006, the date on which the Missouri Court of Appeals issued its direct-appeal mandate.

period provided by 28 U.S.C. § 2244(d)(1)(A) the ninety day period allowed for filing a petition for certiorari to the United States Supreme Court because the United States Supreme Court could not review the petitioner's direct appeal due to the absence of a decision by the state court of last resort, the Missouri Supreme Court. **Id.** at 855. Therefore, in these situations, "the statute of limitations in 28 U.S.C. § 2244(d)(1) [begins] the day after the direct-appeal mandate" is issued. **Id.** at 856; <u>accord</u> **McMullan v. Roper**, 599 F.3d 849, 852 (8th Cir. 2010) (when no petition for writ of certiorari was filed with the United States Supreme Court, the "state court judgment became final . . . the day after the direct appeal mandate was issued by the Missouri Court of Appeals").

Here, the Missouri Court of Appeals issued its direct-appeal mandate on March 29, 2006, and Petitioner did not request transfer to the Missouri Supreme Court or file a petition for writ of certiorari with the United States Supreme Court. While Petitioner contends the period should run from the subsequent date of May 16, 2006, the date the state appellate court reportedly issued a correction of its decision, the record does not indicate the issuance of any mandate by the state appellate court other than the mandate issued on March 29, 2006. Nor does the record reflect that this March 29, 2006, mandate was recalled by the state appellate court. Without more, this Court considers the day after the issuance of the March 29, 2006, mandate as the date on which the one-year period for filing Petitioner's federal habeas petition begins. Therefore, the one-year limitations period for the timely filing of Petitioner's federal habeas petition began on March 30, 2006, the day after the direct-appeal mandate issued, and would end one year later, on Friday, March 30, 2007, if other

proceedings did not affect the calculation of the one-year period.  See, e.g., 28 U.S.C. § 2244(d)(2) ("Section 2244(d)(2)").

Petitioner filed his post-conviction motion on August 11, 2006.  The time between the conclusion of the direct appeal on March 29, 2006 and this post-conviction filing date, however, does not toll or change the AEDPA's one-year statute of limitations.  **McMullan**, 599 F.3d at 852.  A total of 134 days passed between March 30, 2006, the day after issuance of the direct-appeal mandate, and August 11, 2006, the date Petitioner filed his post-conviction motion, leaving Petitioner 231 days in which to file a timely federal habeas petition.

Section 2242(d)(2) states that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2).  Therefore, under the terms of this statute, a properly filed post-conviction motion will toll the one-year period for filing a timely federal habeas petition during the time the post-conviction motion is pending.  When a state court rejects a petitioner's post-conviction motion as untimely, however, it is not "properly filed" and the petitioner is not entitled to statutory tolling of the AEDPA's filing period.  **Pace v. DiGuglielmo**, 544 U.S. 408, 417 (2005).

Here, the motion court dismissed Petitioner's post-conviction motion as untimely. Petitioner did not appeal this ruling.  Therefore, Petitioner is not entitled to tolling under 28 U.S.C. § 2244(d)(2) for the period when his untimely post-conviction motion was pending.

That motion was dismissed on September 1, 2006. The one-year period for filing Petitioner's federal habeas petition, then, was running from March 30, 2006, through September 1, 2006, or a total of 155 days. This left Petitioner 210 days within which to file a timely federal habeas petition.

Petitioner then filed on September 20, 2006, a motion under Rule 75.01[14] to vacate the dismissal of the post-conviction motion and reopen the post-conviction proceedings (Resp't Ex. H at 4-18), which was denied on October 20, 2006 (id. at 2-3). Neither party addresses whether the pendency of this motion tolled the time for filing a timely federal habeas petition under Section 2244(d)(2). Because the United States Court of Appeals for the Eighth Circuit has concluded a motion to reopen state post-conviction proceedings may

---

[14] Missouri Supreme Court Rule 75.01 states:

> The trial court retains control over judgments during the thirty-day period after entry of judgment and may, after giving the parties an opportunity to be heard and for good cause, vacate, reopen, correct, amend, or modify its judgment within that time. Not later than thirty days after entry of judgment the court of its own initiative may order a new trial for any reason for which it might have granted a new trial on motion of a party, and every order granting a new trial shall specify the grounds therefor. After the filing of notice of appeal and before the filing of the record on appeal in the appellate court, the trial court, after the expiration of such thirty-day period, may still vacate, amend or modify its judgment upon stipulation of the parties accompanied by a withdrawal of the appeal.

> The thirty-day period after entry of judgment for granting a new trial of the court's own initiative is not shortened by the filing of a notice of appeal but is terminated when the record on appeal is filed in the appellate court.

(emphasis added). This provision applies to post-conviction proceedings. See, e.g., **Johnson v. State**, 244 S.W.3d 226, 228 (Mo. Ct. App. 2008) ("a [state] court's jurisdiction to re-open Rule 29.15 proceedings is limited to the thirty days following the court's ruling in the post-conviction proceeding. Edgington v. State, 189 S.W.3d 703, 706 (Mo. Ct. App. 2006)").

constitute "an 'application for State post-conviction or other collateral review'" under 28 U.S.C. § 2244(d)(2), **Streu v. Dormire**, 557 F.3d 960, 965 (8th Cir. 2009), this Court will consider Petitioner's motion to vacate and reopen under Rule 75.01 motion as such an application.

"To qualify as a 'properly filed' application for state post-conviction relief, so as to toll the statute of limitations under § 2244(d)(2), the application must be 'in compliance with the applicable laws and rules governing filings.'" **McMullan**, 599 F.3d at 853 (quoting Artuz v. Bennett, 531 U.S. 4, 8 (2000)). Respondents do not contend that Petitioner's motion under Rule 75.01 failed in any manner to comply with Missouri's laws and rules governing filings.

Under Rule 75.01, "a [state] court's jurisdiction to re-open Rule 29.15 proceedings is limited to the thirty days following the court's ruling in the post-conviction proceeding. Edgington v. State, 189 S.W.3d 703,706 (Mo. Ct. App. 2006)." **Johnson v. State**, 244 S.W.3d 226, 228 (Mo. Ct. App. 2008). "A dismissal is a judgment for purposes of starting the clock" under Rule 75.01 **Stewart v. State**, 261 S.W.3d 678, 679 (Mo. Ct. App. 2008). Petitioner filed his motion under Rule 75.01 on September 20, 2006, or less than thirty days after the motion court dismissed his post-conviction motion on September 1, 2006. Therefore, the Court will consider it as a properly filed application for State post-conviction or other collateral review for purposes of statutory tolling under 28 U.S.C. § 2244(d)(2).

A properly filed "motion to reopen [i]s 'pending' between . . . the date on which [it is] filed in the circuit court, and . . . the date on which the time for filing a notice of appeal from the circuit court's denial of the motion expire[s]." **Streu**, 557 F.3d at 966. The AEDPA's

limitations period was, therefore, not tolled before the filing of the motion under Rule 75.01, or for the nineteen days between September 1, 2006, and September 20, 2006. This left Petitioner with 191 days (210 days left as of September 1, 2006, less 19 days before the filing of the motion under Rule 75.01) in which to file a timely federal habeas petition.

Petitioner's motion under Rule 75.01 was timely filed on September 20, 2006, and tolling began on that date. Petitioner had forty days from the denial of his Rule 75.01 motion on October 20, 2006, to file a notice of appeal. See Mo. S. Ct. Rule 81.04(a) (an appeal in a civil case is not "effective unless the notice of appeal [is] filed not later than ten days after the judgment or order appealed from becomes final"); Mo. S. Ct. Rule 81.05(a)(1) ("[a] judgment [in a civil case] becomes final at the expiration of thirty days after its entry if no timely authorized after-trial motion is filed"). This forty-day period for filing a notice of appeal expired on Wednesday, November 29, 2006. Petitioner did not file or attempt to file a timely appeal from the motion court's October 20, 2006, denial of his motion under Rule 75.01.[15] Therefore, the limitations period for filing a timely federal habeas petition began to run again on November 30, 2006, the day after his notice of appeal was due, and expired 191 days later. Because 191 days after November 30, 2006, was Saturday, June 9, 2007, Petitioner had until Monday, June 11, 2007, to file a timely federal habeas petition. Mo. S.

---

[15] A motion to reopen is not pending between the date a timely notice of appeal is due and the date a motion for leave to file an untimely appeal is filed. **Streu**, 557 F.3d at 966-67. While the Eighth Circuit has stated a motion to reopen may be considered pending when a motion for leave to file a late appeal is granted, **id.** at 966, Petitioner's motion for leave to file a late appeal was denied. Therefore, the Court does not consider Petitioner's motion to reopen under Rule 75.01 as pending at any time after the November 29, 2006, due date for the filing of a timely notice of appeal from the denial of the motion.

Ct. Rule 44.01(a).[16]  The habeas petition, which was not filed until June 26, 2007, the date it was mailed from the ERDCC, which is presumably the date Petitioner gave it to the ERDCC for mailing, was not timely.  See **Ford v. Bowersox**, 178 F.3d 522, 523 (8th Cir. 1999) (the date the prisoner delivers the habeas petition to prison authorities for mailing is the date the habeas petition is filed).

If the Court should not consider the motion under Rule 75.01 as tolling the AEDPA's limitations period, Petitioner's federal habeas petition was even more untimely.  In those circumstances, if no time for filing a timely appeal from the dismissal of the post-conviction motion tolls the AEDPA's one-year limitations period, then Petitioner's federal habeas petition was due on Friday, March 30, 2007, or 365 days from March 30, 2006, the day after the state appellate court issued its direct-appeal mandate.  If the Court considers the forty-day period for filing a timely appeal after the September 1, 2006, dismissal of the post-conviction proceeding as tolling the AEDPA's limitations period, then the notice of appeal was due on Thursday, October 12, 2006, and that forty-day period is excluded from the one-year limitations period calculation.  This means that Petitioner would have had forty more days or until Wednesday, May 9, 2007, to file a timely federal habeas petition.  Either of these dates, March 30, 2007, or May 9, 2007, are before the filing date of Petitioner's federal

---

[16] That Rule provides in relevant part:

> In computing any period of time prescribed or allowed by these rules ... the last day of the period so computed is to be included, unless it is a Saturday, Sunday or a legal holiday, in which event the period runs until the end of the next day which is neither a Saturday, Sunday nor a legal holiday.

habeas petition on June 26, 2007. Therefore, his federal habeas petition was untimely under § 2244(d).

Although Petitioner did not timely file his federal habeas petition within the one-year period set forth in 28 U.S.C. §2244(d), his federal habeas petition may be considered timely if he is entitled to equitable tolling of that one-year period. The United States Supreme Court recently held that "§ 2244(d) is subject to equitable tolling in appropriate cases." **Holland v. Florida**, 130 S. Ct. 2549, 2560 (2010). To be entitled to such tolling, a petitioner must show "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." **Id.** at 2562 (quoting Pace, 544 U.S. at 418).

In **Burns v. Prudden**, 588 F.3d 1148, 1150-51 (8th Cir. 2009), the Eighth Circuit held that the doctrine of equitable tolling might apply to a habeas petition filed when its established law held that the statute of limitations did not begin to run until 90 days after the Missouri Court of Appeals denied an appeal. "This 90-day period was permitted because Nichols[ v. Bowersox, 172 F.3d 1068 (8th Cir. 1999) (en banc)] held that in that time period, a petitioner could file a petition for a writ of certiorari in the United States Supreme Court, regardless of whether the petitioner had filed a petition for transfer to the Missouri Supreme Court." **Id.** at 1150. The Nichols decision was overruled by the Riddle decision in April 2008. **Id.** Noting that "'[g]enerally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way,'" the court held that the overruling of its

-18-

<u>Nichols</u> en banc decision in April 2008 was "an extraordinary circumstance." **Id.** at 1150-52 (quoting <u>Riddle</u>, 523 F.3d at 857).

Petitioner, like Burns, filed his habeas petition while <u>Nichols</u> was the law. Petitioner, like Burns, did not petition the United States Supreme Court for a writ of certiorari; however, as in **Burns**, if the 90-day period for filing a petition for writ of certiorari with the United States Supreme Court tolled the statute, his petition would have been timely filed so long as the pendency of his motion under Rule 75.01 also tolled the limitations period.[17]

In **Burns**, the Eighth Circuit remanded the case for findings on the other requirement for equitable tolling – whether the petitioner had diligently been pursuing her rights. **Id.** at

---

[17] The Eighth Circuit noted that "[t]he difference between the dates when the statute of limitations begins to run under <u>Nichols</u> and <u>Riddle</u> will generally be fewer than 90 days" because under <u>Riddle</u> if a defendant does not file a motion to transfer to the Missouri Supreme Court, the date of the appellate court's mandate is the end of the direct appeals process but the 90-day period for filing a petition for certiorari begins "from the earlier date of the final order denying the appeal." **Burns,** 588 F.3d at 1151 n.2. <u>See</u> Sup. Ct. R. 13.3 (the 90-day period for filing a petition for certiorari in the United States Supreme Court runs from the "date of entry of the judgment or order sought to be reviewed, and not from the issuance date of the mandate").

As noted in the discussion in the text above, Petitioner's federal habeas petition was untimely filed based on any calculation running from the issuance of the direct-appeal mandate as required under <u>Riddle</u>. If the 90-day period is added according to <u>Nichols</u>, Petitioner's filing of his federal habeas petition on June 26, 2007, may either be timely or untimely. If no tolling of the one year period occurs, Petitioner's federal habeas petition was untimely under <u>Nichols</u> because it was due on Wednesday, June 6, 2007, calculated as one year running from Tuesday, June 6, 2006, the date that is ninety days from March 8, 2006, the day after the March 7, 2006, denial of Petitioner's direct appeal. If 59 days of tolling is added to that due date, due to the 19-day pendency of Petitioner's motion under Rule 75.01 and the 40-day period for filing a timely appeal from that motion's denial, then Petitioner's federal habeas petition was timely filed under <u>Nichols</u> because it was filed before the Monday, August 6, 2007 due date (the date that is 59 days after June 6, 2007, is a Saturday, August 4th, so Petitioner would have until the next Monday, August 6th, to file the federal habeas petition).

1152. In the interests of judicial economy, however, the Court will address whether or not the claims are procedurally barred and, if not, their merits, rather than engage in a fact-finding hearing on the issue of timeliness or of whether Petitioner diligently pursued his rights. See **Shelton v. Purkett**, 563 F.3d 404, 407 (8th Cir.), cert. denied, 130 S.Ct. 739 (2009) (reaching merits of federal habeas petition rather than remanding for development of factual issue of whether the petitioner was diligently pursuing his rights); **Trussell v. Bowersox,** 447 F.3d 588, 590 (8th Cir. 2006) (reaching merits of habeas petition rather than remanding for development of factual issue of timeliness).

Procedural Bar. With respect to both ineffective assistance of trial counsel claims Petitioner sets forth as grounds for federal habeas relief, Respondents argue that those claims are procedurally defaulted because they were not presented in a post-conviction appeal.

"Claims that have not been presented to the state courts, and for which there are no remaining state remedies, are procedurally defaulted." **Skillicorn v. Luebbers**, 475 F.3d 965, 976 (8th Cir. 2007); accord **Echols v. Kemna**, 511 F.3d 783, 785 (8th Cir. 2007) ("If a petitioner has not presented his habeas corpus claim to the state court, the claim is generally defaulted" (internal quotation marks omitted) (quoting Carney v. Fabian, 487 F.3d 1094, 1096 (8th Cir. 2007)). A post-conviction proceeding is the exclusive procedure for pursuing in state court ineffective assistance of counsel claims. Mo. S. Ct. Rule 29.15(a). In relevant part, claims that should have been but were not presented in an appeal from a denial of a post-conviction motion are procedurally defaulted. See **Interiano v. Dormire**, 471 F.3d 854, 856 (8th Cir. 2006) (claims not presented in a Rule 29.15 post-conviction

motion or included in appeal are procedurally defaulted); **Osborne v. Purkett**, 411 F.3d 911, 919 (8th Cir. 2005) (claim raised in a Rule 29.15 post-conviction motion but not presented on appeal was procedurally barred); **Sweet v. Delo**, 125 F.3d 1144, 1150 (8th Cir. 1997) (a claim not raised in the post-conviction appeal was defaulted).

Here, Petitioner did not pursue a post-conviction appeal after the motion court dismissed his post-conviction motion. To the extent Petitioner urges his failure to file an appeal should be excused because he received the motion court's dismissal on the day the appeal was due and because the motion court "failed or refused" to appoint counsel to represent him, those arguments are not persuasive. Petitioner contends an appeal from the September 1, 2006, dismissal of his post-conviction motion was due on September 11, 2006, the day he received the Court's September 1, 2006, dismissal. As noted earlier, under Missouri Supreme Court Rules 81.04(a) and 81.05(a)(1), Petitioner had thirty more days in which to appeal the dismissal, and did not do so. Furthermore, "'there is no federal constitutional right to the effective assistance of post-conviction counsel.'" **Christenson v. Ault**, 598 F.3d 990, 996 (8th Cir. 2010) (quoting Clay v. Bowersox, 367 F.3d 993, 1005 (8th Cir. 2004)). Therefore, the absence of post-conviction counsel does not excuse Petitioner's failure to file an appeal in the post-conviction proceeding. Because Petitioner's ineffective assistance of trial counsel and appellate counsel claims were not properly pursued in Missouri's courts, they are procedurally defaulted.

"Unless a habeas petitioner shows cause and prejudice or that he is actually innocent of the charges, a [federal habeas] court may not reach the merits of procedurally defaulted

claims in which the petitioner failed to follow applicable state procedural rules in raising the claims." **Skillicorn**, 475 F.3d at 976-77. "'[T]he existence of cause for a procedural default must ordinarily turn on whether the prisoner can show that some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule.'" **Greer v. Minnesota**, 493 F.3d 952, 957 (8th Cir. 2007) (quoting Murray v. Carrier, 477 U.S. 478, 488 (1986)). There is no exhaustive catalog of the objective impediments, nor have the precise contours of the cause requirement been clearly defined. **Ivy v. Caspari**, 173 F.3d 1136, 1140 (8th Cir. 1999). What has been established is that a "fail[ure] to raise [a] claim despite recognizing it, does not constitute cause for a procedural default." **Murray**, 477 U.S. at 486. Here, Petitioner recognized his two claims of ineffective assistance of counsel by presenting them in his pro se post-conviction motion. Petitioner has not shown any objective factor external to him that impeded his efforts to comply with the State's requirement that the resolution of the post-conviction motion be appealed and that his ineffective assistance of counsel claims be pursued in that appeal. As noted above in the discussion of his arguments for failing to appeal, neither his receipt of the dismissal order on September 21, 2006, nor his lack of appointed counsel in the post-conviction proceedings establish cause for his failure to pursue an appeal in the post-conviction proceedings. See **Zeitvogel v. Delo**, 84 F.3d 276, 279 (8th Cir. 1996) ("[t]o establish cause, [the petitioner] must show something . . .like state interference[] actually prevented [him] from raising the claims and presenting the evidence in state court"). In **Interiano**, the Eighth Circuit did not

excuse a default caused in part by the post-conviction counsel's failure to raise known claims in the appeal from the denial of the post-conviction motion. **Interiano**, 471 F.3d at 857. Similarly, Petitioner's failure to pursue a post-conviction appeal, in which he presented the issues that were presented in his pro se post-conviction motion and that are now presented in his federal habeas petition, is not to be excused.

Because no cause has been established for Petitioner's procedural default, it is unnecessary to consider whether he has demonstrated prejudice. **Abdullah v. Groose**, 75 F.3d 408, 413 (8th Cir. 1996).

Petitioner's defaulted grounds may be reached absent a showing of cause and prejudice for his procedural default if he establishes that a failure to do so will result in a fundamental miscarriage of justice. "Procedurally barring a claim that establishes actual innocence is considered a fundamental miscarriage of justice." **Cox v. Burger**, 398 F.3d 1025, 1031 (8th Cir. 2005). A showing of actual innocence requires new evidence and a "show[ing] that 'it is more likely than not that no reasonable juror would have convicted him in light of th[at] new evidence.'" **Osborne**, 411 F.3d at 920 (quoting Schlup v. Delo, 513 U.S. 298, 327 (1995)). "'Without any new evidence of innocence, even the existence of a concededly meritorious constitutional violation is not in itself sufficient to establish a miscarriage of justice that would allow a habeas court to reach the merits of a barred claim.'" **Cagle v. Norris**, 474 F.3d 1090, 1099 (8th Cir. 2007) (quoting Schlup, 513 U.S. at 316).

Petitioner does not submit any new evidence of his actual innocence, nor does he allege that such evidence exists.

Because Petitioner's grounds for federal habeas relief are procedurally defaulted, this Court does not need to address the merits of those claims.  **Christenson**, 598 F.3d at 996.

For the foregoing reasons, the grounds for relief in Petitioner's habeas petition are procedurally barred and will not be considered on their merits.

### Conclusion

Petitioner's two federal habeas claims are procedurally barred.  Accordingly,

**IT IS HEREBY ORDERED** that Michael Bowersox is **SUBSTITUTED** for Pat Smith as a Respondent in this case.

**IT IS FURTHER ORDERED** the Attorney General for the State of Missouri, Chris Koster, is **ADDED** as a Respondent in this case.

**IT IS FINALLY ORDERED** that the 28 U.S.C. § 2254 petition of George Morning is **DENIED** without further proceedings.

An appropriate Judgment shall accompany this Memorandum and Order.


 /s/ Thomas C. Mummert, III

THOMAS C. MUMMERT, III
UNITED STATES MAGISTRATE JUDGE


Dated this 20th day of September, 2010.